UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TREVOR HOWSE,

    Plaintiff,

v.                                          Case No: 6:16-cv-594-Orl-40TBS

DIRECTTV, LLC,

    Defendant.

## ORDER

This case comes before the Court on Plaintiff's Motion to Extend Time to Conduct Rule 26(f) Conference and Motion for Leave to Conduct Rule 26(f) Conference Telephonically (Doc. 20). According to Plaintiff, July 5, 2016 was the deadline for the parties to conduct their FED. R. CIV. P. 26(f) conference (Id., ¶ 1). The parties have not held the conference, and on July 11 Plaintiff filed the pending motion for an extension of time. Federal Rule of Civil Procedure 6(b) provides:

> (b) **Extending Time**.
>
> (1) *In General*. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
>> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>>
>> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
>
> (2) *Exceptions*. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

FED. R. CIV. P. 6(b).

Because Plaintiff's motion is untimely, he must satisfy the excusable neglect standard in Rule 6(b)(1)(B). In deciding whether a party has met Rule 6(b)'s excusable neglect standard "[t]he Court must evaluate all relevant circumstances surrounding the party's omission, including: 1) the danger of prejudice to the nonmovant; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith." Busch v. County of Volusia, No. 97-1222-civ-Orl-3ABI(19), 189 F.R.D. 687, 696-97 (M.D. Fla. Dec. 16, 1999) (citing Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 392, 395 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). These factors are not precisely defined and they necessarily overlap. "[T]he starting point and common denominator (indeed, the *sine qua non*) in every case employing an analysis of excusable neglect is an explanation of the reason for the delay." Demint v. NationsBank Corp., No. 8:94-cv-995-T-23TBM, 8:94-cv-2094-T-23TGW, 208 F.R.D. 639, 642 (M.D. Fla. May 31, 2002) (footnote omitted).

Plaintiff has not explained the reason for the delay, other than to say that "[d]espite their due diligence, the parties were unable to schedule the Rule 26(f) conference prior to the deadline." (Doc. 20, ¶ 2). This is insufficient to demonstrate excusable neglect. Accordingly, Plaintiff's motion for an extension of time is **DENIED**.

Counsel for the parties are located approximately 3 hours and 20 minutes apart. To avoid the attorney time that will be incurred if counsel travel to meet in-person, Plaintiff proposes that they meet and confer telephonically (Id., ¶¶ 4-7). Defendant is opposed to conducting the conference by telephone (Id., ¶ 8). The Court believes in-person meetings are more effective than telephonic meetings. Therefore, in light of Defendant's objection, Plaintiff's motion to conduct the Rule 26(f) conference telephonically is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 11, 2016.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record